Stuart W. Price, California Bar No. 125918
swprice@bryancave.com
Sean D. Muntz, California Bar No. 223549
sean.muntz@bryancave.com
Christina G. Rothschild, California Bar No. 268920
rothschildc@bryancave.com
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, California  92612-4414
Telephone:  (949) 223-7000
Facsimile:   (949) 223-7100

Attorneys for Defendant
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JOHNSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR THE ELLINGTON TRUST SERIES 2007-1; BANK OF AMERICA, N.A.; and Does 1 – 10, inclusive,<br><br>Defendants. | Case No. 3:11-cv-02091-JM-WVG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANT BANK OF AMERICA, N.A. TO DISMISS PLAINTIFF'S COMPLAINT AND EXPUNGE LIS PENDENS**<br><br>[Filed with Notice of Motion and Motion to Dismiss; Request for Judicial Notice; and [Proposed] Order]<br><br>Hon. Jeffrey T. Miller<br>Courtroom 16<br><br>Date:  March 5, 2012<br>Time:  10:00 a.m.<br>Courtroom:  16 |

*(sidebar)* BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................................1

II.     FACTS ...........................................................................................................1

III.    LEGAL STANDARD GOVERNING A MOTION TO DISMISS .................2

IV.     THE LEGAL PREMISE OF PLAINTIFF'S COMPLAINT LACKS
        MERIT ..........................................................................................................3

        A.      Plaintiff Does Not Have Standing to Challenge the
                Securitization of the Loan. .................................................................3

        B.      The Assignment of Deed of Trust Was Proper ...................................4

V.      PLAINTIFF LACKS STANDING....................................................................4

VI.     PLAINTIFF FAILS TO STATE A CLAIM .....................................................5

        A.      Plaintiff's First Cause of Action For Declaratory Relief [28
                U.S.C. §§ 2201, 2202] Fails...............................................................5

        B.      Plaintiff's Second Cause Of Action For Negligence Fails ..................6

        C.      Plaintiff's Third Cause of Action For Quasi Contract Fails ................7

        D.      Plaintiff's Fourth Cause of Action for Violation of 12 U.S.C. §
                2605 Fails ..........................................................................................8

        E.      Plaintiff's Fifth Cause of Action for Violation of 15 U.S.C.
                § 1692 *et seq.* Fails............................................................................10

        F.      Plaintiff's Sixth Cause Of Action For Violation of Business
                and Professions Code Section 17200, Et. Seq. Fails..........................11

                1.      Plaintiff's Underlying UCL Claims Fail...................................11

                        a.      Plaintiff Does Not Plead an Unlawful Act .....................11

                        b.      Plaintiff Does Not Plead a Fraudulent Act.....................12

                        c.      Plaintiff Does Not Plead An Unfair Act.........................12

        G.      Plaintiff's Seventh Cause of Action For Accounting Fails.................13

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS529254.1

i

VII.  PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES SHOULD
      BE STRICKEN.............................................................................14

VIII. PLAINTIFF'S REQUEST FOR FEES SHOULD BE STRICKEN .............14

IX.   IF THE COURT GRANTS THE MOTION TO DISMISS, THE
      LIS PENDENS SHOULD BE EXPUNGED .................................................15

X.    CONCLUSION..............................................................................15

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Page**

*Cases*

*Alameda County Land Use Assn. v. City of Hayward,*
38 Cal. App. 4th 1716 (1995) ............................................................5

*Alicea v. GE Money Bank,*
2009 U.S. Dist. LEXIS 60813 (N.D. Cal. 2009) ............................5

*American States Ins. Co. v. Kearns,*
15 F.3d 142 (9th Cir. 1994)..............................................................5

*Ashcroft v. Iqbal,*
129 S.Ct. 1937 (2009) ................................................................2, 3

*Batt v. City and County of San Francisco,*
155 Cal. App. 4th 65 (2007) ...........................................................13

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007).................................................................2, 15

*Berryman v. Merit Prop. Mgmt., Inc.,*
152 Cal. App. 4th 1544 (2007) .......................................................11

*Boteler v. Conway,*
13 Cal. App. 2d 79 (1936)................................................................4

*Branch v. Tunnell,*
14 F.3d 449 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara,* 307 F.3d 1199 (9th Cir. 2002) ....................................3

*Brown v. Bank of Am. N.A.,*
2011 U.S. Dist. LEXIS 38991 (E.D. Cal. Mar. 31, 2011) .....................13

*Bureerong v. Uvawas,*
922 F. Supp. 1450 (C.D. Cal. 1996) ...............................................14

*C.J.L. Constr., Inc. v. Universal Plumbing,*
18 Cal. App. 4th 376 (1993) .............................................................5

*Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal.,*
94 Cal. App. 4th 151 (2001) ..............................................................8

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS529254.1

iii

*Cel-Tech Comms. v. L.A. Cellular Tel. Co.,*
   20 Cal. 4th 163 (1999) ..................................................................................13

*Dinosaur Development, Inc. v. White,*
   216 Cal. App. 3d 1310 (1989) .......................................................................7

*Duggall v. G.E. Capital Comm. Servs., Inc.,*
   81 Cal. App. 4th 81 (2000) ..........................................................................13

*Durell v. Sharp Healthcare,*
   183 Cal. App. 4th 1350 (2010) .....................................................................7

*Durning v. First Boston Corp.,*
   815 F.2d 1265 (9th Cir. 1987) .......................................................................3

*Fontenot v. Wells Fargo Bank, N.A.,*
   198 Cal. App. 4th 256 (2011) ........................................................................7

*Gaffney v. Downey Savs. & Loan Assn.,*
   200 Cal. App. 3d 1154 (1988) .......................................................................4

*Gates v. Wachovia Mortg.,*
   2010 WL 2606511 (E.D. Cal. 2010)..............................................................9

*Gomes v. Countrywide Home Loans, Inc.,*
   192 Cal. App. 4th 1149 (2011) ......................................................................6

*Hafiz v. Greenpoint Mortg. Funding, Inc.,*
   652 F.Supp.2d 1039 (N.D.Cal.2009) ...........................................................13

*Hawkins v. Homecomings Financial, LLC,*
   2010 WL 546372 (C.D. Cal. 2010)................................................................9

*Hulse v. Ocwen Federal Bank, FSB,*
   195 F.Supp.2d 1188 (D.Or. 2002) ...............................................................11

*In re Tobacco II Cases*
   207 P.3d 20 (2009).......................................................................................12

*Kachlon v. Markowitz,*
   168 Cal. App. 4th 316 (2008) ........................................................................6

*Karlsen v. Am. Sav. & Loan Ass'n,*
   15 Cal. App. 3d 112 (1971)......................................................................4, 8

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   *Khoury v. Maly's of California, Inc.,*
     14 Cal. App. 4th 612 (1993) ...................................................................................11
2

3   *Kirkeby v. Superior Court,*
     33 Cal. 4th 642 (2004) ...........................................................................................15

4

5   *Lai v. Quality Loan Serv. Corp.,*
     2010 WL 3419179 (C.D. Cal. Aug. 26, 2010)..................................................10

6   *Lal v. Am. Home Servicing, Inc.,*
7     680 F. Supp. 2d 1218 (E.D. Cal. 2010) .............................................................10

8   *Lectrodryer v. Seoulbank,*
9     77 Cal. App. 4th 723 (2000) ....................................................................................7

10  *Levine v. Blue Shield of California,*
     189 Cal. App. 4th 1117 (2010) ................................................................................7
11

12  *Navarro v. Block,*
     250 F.3d 729 (9th Cir. 2001) ....................................................................................2
13

14  *Nguyen v. Calhoun,*
     105 Cal. App. 4th 428 (2003) .............................................................................5, 8

15

16  *Nool v. HomeQ Servicing,*
     653 F. Supp. 2d 1047 (E.D. Cal. 2009) .............................................................10

17  *Nwoke v. Countrywide Home Loans, Inc.,*
18     251 Fed. Appx. 363 (7th Cir. 2007)....................................................................10

19  *Nymark v. Heart Fed. Sav. & Loan Ass'n,*
     231 Cal. App. 3d 1089 (1991) ..................................................................................6
20

21  *People v. McKale,*
     25 Cal. 3d 626 (1979) ............................................................................................11
22

23  *Perry v. Stewart Title Co.,*
     756 F.2d 1197 (5th Cir. 1985) ..............................................................................10
24

25  *Rodenhurst v. Bank of Am.,*
     773 F. Supp. 2d 886 (D. Haw. Feb. 23, 2011).....................................................3

26

27  *Scripps Clinic v. Superior Court,*
     108 Cal. App. 4th 917 (2003) ................................................................................13

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS529254.1

v

*Smith v. Superior Court,*
   10 Cal. App. 4th 1033 (1992) ................................................................14

*Stansfield v. Starkey,*
   220 Cal. App. 3d 59 (1990)..................................................................12

*Supervalu, Inc. v. Wexford Underwriting Magers, Inc.,*
   175 Cal. App. 4th 64 (2009) ..................................................................7

*Tapley v. Lockwood Green Eng'rs, Inc.,*
   502 F.2d 559 (8th Cir. 1974) ...............................................................14

*Tarmann v. State Farm Mut. Auto. Ins. Co.,*
   2 Cal. App. 4th 153 (1991) .................................................................12

*Teselle v. McLoughlin,*
   173 Cal. App. 4th 156 (2009) ..............................................................13

*Tri-Continent Int'l Corp. v. Paris Sav. & Loan Ass'n,*
   12 Cal. App. 4th 1354 (1993) ................................................................3

*Truong v. Nguyen,*
   156 Cal. App. 4th 865 (2007) ................................................................6

*U.S. Cold Storage v. Great W. Sav. & Loan Ass'n,*
   165 Cal. App. 3d 1214 (1985) ...............................................................4

*Whann v. Doell,*
   192 Cal. 680 (1923) ...........................................................................13

*Whittlestone, Inc. v. Handi-Craft Co.,*
   2010 WL 3222417 (9th Cir. Aug. 17, 2010) .........................................14

*Wilson v. Transit Authority,*
   199 Cal. App. 2d 716 (1962) .................................................................5

**Statutes**

12 U.S.C. § 2605 .....................................................................8, 9, 11

12 U.S.C. § 2605(e)(1)(B)(ii) .......................................................9

12 U.S.C. § 2605(f)(1) ...................................................................9

12 U.S.C. §§ 2605(e)(2)(A)-(C) .....................................................9

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IR01DOCS529254.1

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

15 U.S.C. § 1692 ...................................................................................................10

15 U.S.C. § 1692a(6)(F) ........................................................................................10

15 U.S.C. § 1692e ...................................................................................................11

Bus. & Prof. Code § 17200 .....................................................................................11

Cal. Civ. Code § 1691(b) .........................................................................................8

Cal. Civ. Code § 2924 .............................................................................................6

Cal. Civ. Code 2924(a)(1) .......................................................................................4

Cal. Code Civ. Proc. § 1021 ..................................................................................14

Cal. Code Civ. Proc. § 405.31 ..............................................................................15

Cal. Code Civ. Proc. § 405.4 ................................................................................15

Cal. Penal Code § 532(f)(a)(4) ..............................................................................11

***Other Authorities***

5 Witkin, Cal. Procedure, § 819 (5th ed. 2008) ...................................................13

***Rules***

Fed. R. CIv. P. 12(b)(6) ...........................................................................................2

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS529254.1

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Gregory Johnson borrowed $495,000 from Fremont Investment & Loan.  The loan is secured by a deed of trust on property located at 1522 Avenida Andante, Oceanside, California (the "Property").

Plaintiff alleges seven causes of action against defendant Bank of America, N.A. ("Defendant").  They allege:  (1) declaratory relief [28 U.S.C. §§ 2201, 2202]; (2) negligence; (3) quasi contract; (4) violation of 12 U.S.C. § 2605; (5) violation of 15 U.S.C. §1692, et seq.; (6) violation of Business and Professions Code 17200, et. seq.; and (7) accounting.

Plaintiff's causes of action all fail to state a claim against Defendant. Plaintiff's claims for declaratory relief, quasi-contract, and accounting are not proper causes of action.

Further, Plaintiff lacks standing to challenge the foreclosure because he does not allege he tendered the full amount of the debt prior to filing this lawsuit.

Lastly, Plaintiff's foreclosure-related claims are not ripe for adjudication. Defendant rescinded the Notice of Default on March 3, 2011.  Plaintiff is not currently in foreclosure.

The Motion to Dismiss should be granted.

### II.    FACTS

On December 19, 2006, Plaintiff borrowed $495,000 from Fremont Investment & Loan (the "Loan") (Request For Judicial Notice, "RJN", Exhibit 1.) The Loan is secured by a deed of trust on property. ("Deed of Trust") The Deed of Trust names Fremont General Credit Corporation as trustee.  (*Id.*)

An Assignment of Deed of Trust was executed on December 26, 2006. (RJN, Exhibit 3.)  Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Freemont Investment & Loan, assigned to HSBC Bank USA, National Association as Trustee for the Ellington Trust Series 2007-1, all beneficial interest

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1  in the Deed of Trust.  (*Id.*)  On the same day, a substitution of trustee was executed,

2  naming Quality Loan Service Corporation as the new Trustee.  (RJN, Exhibit 4.)

3        On May 21, 2008, a Notice of Default was recorded.  (RJN, Exhibit 2.)  As of

4  May 20, 2008, Plaintiff was in default on the Loan in the amount of $10,707.38.

5  (*Id.*)

6        A Rescission of Notice of Default and Election to Sell Under Deed of Trust

7  was recorded on March 3, 2011.  (RJN, Exhibit 5.)

8        Plaintiff was offered a Loan Modification Agreement with BAC Home Loans

9  Servicing, LP on January 22, 2011.  (RJN, Exhibit 6.)  The Loan Modification

10  Agreement was recorded on April 18, 2011.  (*Id.*)

11  **III.   <u>LEGAL STANDARD GOVERNING A MOTION TO DISMISS</u>**

12        Motions to dismiss pursuant to Rule 12(b)(6) test the legal sufficiency of the

13  complaint.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  While a

14  complaint attacked by a Rule 12(b)(6) motion does not need detailed factual

15  allegations, a plaintiff's obligation to provide the grounds of their entitlement to

16  relief requires "more than labels and conclusions, and a formulaic recitation of a

17  cause of action's elements will not suffice to overcome a motion to dismiss.  *Bell*

18  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (citations

19  omitted).  The United States Supreme Court has recently summarized the guiding

20  principles in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009):

21                 To survive a motion to dismiss, a complaint must contain

22                 sufficient factual matter, accepted as true to "state a claim
to relief that is plausible on its face."  A claim has facial

23                 plausibility when the plaintiff pleads factual content that

24                 allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged. . . .  [T]he

25                 tenet that a court must accept as true all of the allegations

26                 contained in a complaint is inapplicable to legal
conclusions.  Threadbare recitals of the elements of a

27                 cause of action, supported by mere conclusory statements,

28                 do not suffice.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS529254.1

2

1  *Id.* (internal citations omitted).

2      On a motion to dismiss, the Court should disregard allegations that are

3  contradicted by exhibits to the complaint, or by documents referred to in the

4  complaint and considered pursuant to judicial notice. *Durning v. First Boston*

5  *Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The Court may take judicial notice of

6  Plaintiff's loan documents and their contents, because they are referenced, and thus

7  deemed incorporated, in the Complaint. *See Branch v. Tunnell*, 14 F.3d 449, 453-54

8  (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*,

9  307 F.3d 1199 (9th Cir. 2002).

10  **IV.**  **THE LEGAL PREMISE OF PLAINTIFF'S COMPLAINT LACKS**

11        **MERIT**

12      Plaintiff's Complaint is based on two theories: (1) that Plaintiff's mortgage

13  was never properly assigned or transferred to any of the parties involved in the

14  securitization process; and (2) that the Corporation Assignment of Deed of Trust

15  was not proper. Neither claim has merit.

16      **A.**  **Plaintiff Does Not Have Standing to Challenge the Securitization of**

17         **the Loan.**

18      Plaintiff contends Defendant may not foreclose on the Loan because the

19  Corporation Assignment of Deed of Trust was improperly executed by a Treva

20  Moreland, Assistant Secretary for MERS, who Plaintiff alleges had no authority to

21  assign the Deed of Trust. (*See* Complaint, ¶¶ 42-46.) Plaintiff does not allege he is

22  a party to the Corporation Assignment of Deed of Trust agreement. "[Plaintiff]

23  cannot assert a claim for breach of contract against one who is not a party to the

24  contract." *Tri-Continent Int'l Corp. v. Paris Sav. & Loan Ass'n*, 12 Cal. App. 4th

25  1354, 1359 (1993). This is precisely the reason why, even if the securitization was

26  somehow improper, the "overwhelming authority does not support a cause of action

27  based upon improper securitization." *Rodenhurst v. Bank of Am.*, 773 F. Supp. 2d

28  886, 899-90 (D. Haw. Feb. 23, 2011).

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS529254.1

3

1  Under California law, if an agent or officer of a corporation exceeds his

2  authority, his principal (i.e., the corporation) may complain but a third person, such

3  a plaintiff, may not. *See Boteler v. Conway*, 13 Cal. App. 2d 79, 83 (1936) (holding

4  that the corporation "had the right to affirm or repudiate the acts of its secretary"

5  and because it did not, the "plaintiff may not take unto himself the right to do so").

6  Plaintiff has not alleged facts showing he has standing to challenge the right

7  of Defendant to foreclose on the Property.

8  **B.  The Assignment of Deed of Trust Was Proper**

9  Plaintiff alleges Treva Moreland, who signed the Assignment of the Deed of

10  Trust, lacked the corporate authority to sign on behalf of MERS.  Plaintiff claims

11  Defendant permitted Ms. Moreland to execute the Assignment, knowing she had no

12  authority to do so, in order to mislead Plaintiff.  (Complaint, ¶ 45.)  The claim is

13  completely meritless.  As an agent to the named beneficiary MERS, Ms. Moreland

14  was and is authorized to assign the Deed of Trust.  Cal. Civ. Code 2924(a)(1).  An

15  assignment only requires an authorized person to sign the document.  Defendant

16  complied with the statute.

17  Nowhere in Plaintiff's Complaint does he allege facts showing the

18  Assignment was defective, invalid, or somehow voidable.  Plaintiff's claim fails.

19  **V.   PLAINTIFF LACKS STANDING**

20  Plaintiff must tender the entire unpaid balance of the loan to maintain an

21  action challenging foreclosure.  *See Karlsen v. Am. Sav. & Loan Ass'n,* 15 Cal. App.

22  3d 112, 121 (1971).  "The law is long-established that a trustor or his successor must

23  tender the obligation in full as a prerequisite to challenge of the foreclosure sale."

24  *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n,* 165 Cal. App. 3d 1214, 1222

25  (1985); *Gaffney v. Downey Savs. & Loan Assn.,* 200 Cal. App. 3d 1154, 1165

26  (1988).  "When a debtor is in default of a home mortgage loan, and a foreclosure is

27  either pending or has taken place, the debtor must allege a credible tender of the

28  amount of the secured debt to maintain any cause of action for wrongful

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS529254.1

4

1  foreclosure." *Alicea v. GE Money Bank*, 2009 U.S. Dist. LEXIS 60813, *3 (N.D.

2  Cal. 2009).  "The rules which govern tenders are strict and are strictly applied . . . ."

3  *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003).

4       Plaintiff does not allege he has tendered the amount he owes.  Nor does he

5  allege he is able to repay his loan.  Without unconditional tender of the amount he

6  owes, each of Plaintiff's claims is barred and should be dismissed.

7  **VI.**   **PLAINTIFF FAILS TO STATE A CLAIM**

8       **A.**   **Plaintiff's First Cause of Action For Declaratory Relief [28 U.S.C.**

9          **§§ 2201, 2202] Fails**

10       A party seeking declaratory relief must plead facts, not conclusions of law,

11  and must show a controversy of concrete actuality as opposed to one which is

12  merely academic or hypothetical.  *See Wilson v. Transit Authority*, 199 Cal. App. 2d

13  716, 722-24 (1962); *see also American States Ins. Co. v. Kearns*, 15 F.3d 142, 143-

14  144 (9th Cir. 1994).  A "real and substantial controversy" must exist to plead

15  declaratory relief.  *Alameda County Land Use Assn. v. City of Hayward*, 38 Cal.

16  App. 4th 1716, 1722 (1995).

17       Where the issues raised in a claim for declaratory relief will be resolved by

18  other claims for relief, the claim for declaratory relief is unnecessary and serves no

19  useful purpose.  *C.J.L. Constr., Inc. v. Universal Plumbing*, 18 Cal. App. 4th 376,

20  290 (1993) (finding that the availability of another form of adequate relief justifies

21  denial of declaratory relief).

22       Plaintiff's alleged controversy is merely academic or hypothetical.  Defendant

23  rescinded the Notice of Default on March 3, 2011.  (RJN, Exhibit 5.)  The Property

24  is not currently in foreclosure.

25       Further, the issues raised in Plaintiff's claim for declaratory relief will be

26  resolved by Plaintiff's other claims for relief.  Plaintiff's claim for declaratory relief

27  is unnecessary and serves no useful purpose.

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS529254.1

1    Finally, Plaintiff has no standing to bring a claim to determine whether

2 Defendant is the true holder of the Note, and thus is not entitled to declaratory relief.

3 The statutory framework of §2924 *et seq.* is intended to be exhaustive.  Section 2924

4 states that a trustee, mortgagee, or beneficiary, or any of their authorized agents may

5 initiate the foreclosure process.  *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.

6 App. 4th 1149, 1156 n.7 (2011) (describing section 2924's various details).  The

7 statute does not provide for a judicial action to determine whether the person

8 initiating the foreclosure process is indeed authorized.  *Id.*  For this reason, Plaintiff

9 does not have standing to bring a judicial action to determine whether Defendant

10 was authorized to initiate foreclosure.

11    The claim should be dismissed.

12   **B.    Plaintiff's Second Cause Of Action For Negligence Fails**

13    "The existence of a duty of care owed by a defendant to a plaintiff is a

14 prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. &*

15 *Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991).  "[A]s a general rule, a financial

16 institution owes no duty of care to a borrower when the institution's involvement in

17 the loan transaction does not exceed the scope of its conventional role as a mere

18 lender of money." *Id.* at 1093 n.1, 1096 ("A commercial lender is entitled to pursue

19 its own economic interests in a loan transaction… [a] right [that] is inconsistent with

20 the obligations of a fiduciary" which might otherwise imply a duty of care.).

21    "[T]o recover on a theory of negligence, Plaintiffs must prove duty, breach,

22 causation, and damages." *Truong v. Nguyen*, 156 Cal. App. 4th 865, 875 (2007).

23 "The trustee in nonjudicial foreclosure is not a true trustee with fiduciary duties, but

24 rather a common agent for the trustor and beneficiary. The scope and nature of the

25 trustee's duties are exclusively defined by the deed of trust and the governing

26 statutes. No other common law duties exist." *Kachlon v. Markowitz*, 168 Cal. App.

27 4th 316, 335 (2008). Plaintiff does not plead facts supporting a finding that

28 Defendant's conduct exceeded the scope of its conventional role as a lender.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1       Plaintiff also fails to allege any proximately-caused damages.  Crucially,

2   however, Plaintiff fails to allege that any other bank is making a claim for his

3   mortgage obligation.  The true victim is not the Plaintiff; it would be the entity that

4   is owed under the note, who would have suffered the unauthorized loss.  *Fontenot v.*

5   *Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256 (2011).  Thus, Plaintiff does not

6   allege facts showing he has suffered damages.

7       Plaintiff's negligence claim fails.  It should be dismissed.

8       **C.**    **Plaintiff's Third Cause of Action For Quasi Contract Fails**

9       Plaintiff alleges a quasi-contractual relationship exists between Plaintiff and

10  Defendant.  (Complaint, ¶¶ 113-117.)  Plaintiff alleges Defendant knowingly

11  accepted mortgage payments while having no interest in the Note. (*Id.*)  Plaintiff

12  claims "[i]t would be inequitable for HSBC Bank and/or Bank of America to retain

13  the payments it received from Plaintiff which it did not have legal authority to

14  collect." (*Id.*)

15      Plaintiff's claim for quasi-contract is actually a claim for unjust enrichment.

16  *Supervalu, Inc. v. Wexford Underwriting Magers, Inc.*, 175 Cal. App. 4th 64, 2009

17  WL 1538391 *9 (2009) ("If an entity obtains a benefit that it is not entitled to retain,

18  the entity in unjustly enriched.  The aggrieved party is entitled to restitution, which

19  is synonymous with quasi-contractual recovery.")  A claim for unjust enrichment

20  requires pleading "the receipt of a benefit and the unjust retention of the benefit at

21  the expense of another." *Lectrodryer v. Seoulbank*, 77 Cal. App. 4th 723, 726

22  (2000).  "The mere fact that a person benefits another is not in itself sufficient to

23  require the other to make restitution therefore." *Dinosaur Development, Inc. v.*

24  *White*, 216 Cal. App. 3d 1310, 1315 (1989).

25      In California, there is no cause of action for unjust enrichment.  *Durell v.*

26  *Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010); *accord Levine v. Blue*

27  *Shield of California*, 189 Cal. App. 4th 1117, 1138 (2010) ("this court has recently

28  held that, '[t]here is no cause of action in California for unjust enrichment.'").

IR01DOCS529254.1

7

1      "[A]s a matter of law, a quasi-contract action for unjust enrichment does not

2 lie where 'express binding agreements exist and define the parties' rights.'" *Cal.*

3 *Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal.*, 94 Cal. App. 4th 151, 172 (2001).

4 Because there are express binding agreements – the Deed and the Note – which

5 define the parties' rights, Plaintiff's claim for unjust enrichment fails.

6      The rule of tender also applies. Civil Code section 1691(b). "This

7 requirement is based on the theory that one who is relying upon equity . . . is able to

8 perform his obligations under the contract so that equity will not have been

9 employed for an idle purpose." *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d

10 112, 118 (1971). "The rules which govern tenders are strict and are strictly

11 applied . . . ." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003). "[I]t is a

12 debtor's responsibility to make an unambiguous tender of the entire amount due or

13 else suffer the consequence that the tender is of no effect." *Id.* Plaintiff has not

14 pleaded tender of the amount owing on the loan.

15      Plaintiff's third cause of action for Quasi-Contract should be dismissed

16 without leave to amend.

17      **D.**     **Plaintiff's Fourth Cause of Action for Violation of 12 U.S.C. § 2605**

18             **Fails**

19      Plaintiff brings his fourth cause of action for violation of the Real Estate

20 Settlement Procedures Act, 12 U.S.C. § 2605 et. seq. ("RESPA"). Plaintiff alleges

21 that Defendant violated Section 6 of Regulation X upon receipt of Plaintiff's

22 Qualified Written Request ("QWR") by (1) failing to make appropriate corrections

23 in the borrower's account and (2) failing to protect Plaintiff's credit rating upon

24 receipt of Plaintiff's QWR. (Complaint, ¶ 124.) On that basis, Plaintiff alleges

25 Defendant violated 12 U.S.C. § 2605 and is subject to statutory damages.

26 (Complaint, ¶ 125.) Plaintiff does not allege facts to support a claim for violation of

27 12 U.S.C. § 2605.

28      RESPA requires that a lender timely respond to a borrowers' QWR, which

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

1  must include "a statement of the reasons for the belief of the borrower . . . that the

2  account is in error or . . . other information sought by the borrower." 12 U.S.C.

3  § 2605(e)(1)(B)(ii).  Plaintiff alleges he submitted a QWR to Bank of America.

4  (Complaint, ¶ 120, Exhibit C.)  Bank of America provided a preliminary response

5  on May 5, 2011, and later followed up with a complete response. (*See* Complaint,

6  Exhibit D.)

7        Section 2605 requires loan servicers to respond to a proper QWR by

8  correcting the account discrepancy, explaining why the account is correct, or if the

9  information is unavailable, by providing contact information for someone who can

10  assist the borrower with their inquiry.  12 U.S.C. §§ 2605(e)(2)(A)-(C).  Plaintiff,

11  however, fails to allege any facts in support of his belief that the account is in error

12  or include a statement and supporting documentation of his reasons for believing

13  that the account is in error.  (Complaint, Exhibits C and D.)  Rather, the QWR letter

14  includes a list of document demands which appear to be entirely irrelevant to a valid

15  QWR under RESPA. (Complaint, Exhibit C.)  See *Hawkins v. Homecomings*

16  *Financial, LLC*, 2010 WL 546372, at *3 (C.D. Cal. 2010); *Gates v. Wachovia*

17  *Mortg.*, 2010 WL 2606511, at *3 (E.D. Cal. 2010).

18        Plaintiff's Complaint also fails to adequately allege Plaintiff suffered damages

19  as a result of Defendant's conduct.  Pursuant to Section 2605(f)(1), Plaintiff must

20  allege the "actual damages" he suffered as a result of Defendant's failure to properly

21  respond to the QWR.  Plaintiff has failed to do so.  At best, Plaintiff makes vague

22  allegations that he suffered pecuniary damages, including, "over calculation and

23  overpayment of interest on Plaintiff's loan, the costs of repairing Plaintiff's credit,

24  the reduction and/or elimination of Plaintiff's credit limits, . . . ."  (Complaint, ¶

25  125.)  These allegations are insufficient as they do not identify any specific

26  identifiable damage Plaintiff suffered as a result of Defendant's conduct.  For these

27  reasons, the claim fails.

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS529254.1                                    9

1   **E.    Plaintiff's Fifth Cause of Action for Violation of 15 U.S.C. § 1692 _et_**

2        **_seq._ Fails**

3        Plaintiff brings his fifth cause of action for violation of Fair Debt Collection

4   Practices Act, 15 U.S.C. 1692 et. seq. ("FDCPA").  Plaintiff alleges Defendant

5   violated FDCPA by attempting to collect on the Note under false pretenses, namely

6   that Defendant was assigned Plaintiff's debt when in fact it was not.  (Complaint, ¶

7   129.)  Plaintiff does not allege facts to support a cause of action under FDCPA.

8        Efforts by a lender or servicer to collect on a loan secured by a residence are

9   not subject to the federal Fair Debt Collection Practices Act ("FDCPA").  Congress

10   enacted the FDCPA to "protect[] debtors from improper practices of 'debt

11   collectors' – third parties who attempt to recoup debts owed to creditors." _Nwoke v._

12   _Countrywide Home Loans, Inc._, 251 Fed. Appx. 363, 364-65 (7th Cir. 2007).

13        The FDCPA's regulation of third party debt collectors does not apply to

14   lenders attempting to collect on residential loans "which w[ere] originated by such

15   [lender]," or reach a lender's servicing company where the "debt [] was not in

16   default at the time it was obtained by such [servicing company.]" _See_ 15 U.S.C.

17   § 1692a(6)(F) (1986); _Lal v. Am. Home Servicing, Inc._, 680 F. Supp. 2d 1218, 1224

18   (E.D. Cal. 2010).

19        "[T]he law is well settled that FDCPA's definition of debt collector 'does not

20   include the consumer's creditors, a mortgage servicing company, or any assignee of

21   the debt.'" _Lal_, 680 F. Supp. 2d at 1224, _quoting Perry v. Stewart Title Co._, 756

22   F.2d 1197, 1208 (5th Cir. 1985); _see also, e.g., Nool v. HomeQ Servicing_, 653 F.

23   Supp. 2d 1047, 1052-53 (E.D. Cal. 2009); _Lai v. Quality Loan Serv. Corp._, No. CV

24   10-2308, 2010 WL 3419179, at *2 (C.D. Cal. Aug. 26, 2010) ("As a matter of law,

25   Plaintiff's claim must fail because none of the Defendant[s] [lenders, assignees, or

26   servicers] are 'debt collectors' within the meaning of the act.").  Furthermore,

27   foreclosure on a property based on a deed of trust does not constitute collection of a

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS529254.1

10

debt within the meaning of the FDCPA. *Hulse v. Ocwen Federal Bank, FSB*, 195

F.Supp.2d 1188, 1204 (D.Or. 2002).

Plaintiff does not allege Defendant is a "debt collector" within the meaning of the statute, and Plaintiff's allegation does not identify any specific improper debt collection activities. Plaintiff's allegations arise from alleged attempts by Defendant to collect on a loan secured by a deed of trust on a residential property. (*See generally* Complaint, ¶¶ 127-129.) Furthermore, Defendant, as the servicer and assignee of the Loan, cannot be subject to the FDCPA as a matter of law.

Plaintiff's claim fails.

**F.   Plaintiff's Sixth Cause Of Action For Violation of Business and Professions Code Section 17200, Et. Seq. Fails**

Plaintiff fails to state a claim under his sixth cause of action for violation of Business and Professions Code § 17200.

1.   Plaintiff's Underlying UCL Claims Fail

A claim for violation of Bus. & Prof. Code § 17200 can be based on unfair, unlawful, or fraudulent business practices. Bus. & Prof. Code § 17200. A plaintiff must plead a 17200 claim with particularity. *See Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993); *People v. McKale*, 25 Cal. 3d 626, 635 (1979) (holding "purely conclusory" allegations of 17200 violations are "insufficient to withstand demurrer").

a.   Plaintiff Does Not Plead an Unlawful Act

Plaintiff bases his UCL claims on "unlawful" violations of 15 U.S.C. § 1692e; 12 U.S.C. § 2605; and Cal. Penal Code Section 532(f)(a)(4). (Complaint, ¶¶ 90-92.). A "violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007). However, Plaintiff must plead facts to support the underlying statutory violation. *Id.*

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

b.   <u>Plaintiff Does Not Plead a Fraudulent Act</u>

Plaintiff alleges Defendant committed fraudulent acts by wrongfully enforcing a debt obligation in which it has no pecuniary, equitable, or legal interest. (Complaint, ¶ 135.) The California Supreme Court's decision in *In re Tobacco II Cases* confirms that the UCL "imposes an actual reliance requirement" under the fraudulent prong. 207 P.3d 20, 39 (2009). To satisfy the actual reliance requirement, private plaintiffs must allege that the defendants' actions were an "immediate cause of the injury producing conduct." *Id.*

A plaintiff must plead fraud with particularity, pleading "facts which show how, when, where, to whom, and by what means the [alleged misrepresentations] were tendered." *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 73 (1990). When a party pleads fraud against a corporation, the already heightened pleading standard is further heightened. A plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).

Plaintiff does not plead the elements of fraud with particularity for any of the alleged conduct of Defendant, including failing to name any individual who made representations. (*See generally*, Complaint, ¶¶ 130-143.) Furthermore, as discussed above, Plaintiff's theories regarding Defendant's lack of ability to foreclosure and executing documents without legal authority fail for lack of particularity.

Finally, Plaintiff has not pleaded reliance. He cannot. If he acted in reliance upon the recorded foreclosure notices, he would have cured their default. Plaintiff cannot show he was injured by Defendant's conduct.

c.   <u>Plaintiff Does Not Plead An Unfair Act</u>

"Unfair" conduct under the UCL has been commonly defined as conduct that "offends an established public policy or. . . is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Scripps Clinic v. Superior*

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS529254.1

12

1  *Court*, 108 Cal. App. 4th 917, 939 (2003).  When "determining whether the

2  challenged conduct is unfair within the meaning of the unfair competition law. . .,

3  courts may not apply purely subjective notions of fairness." *Id.* at 941; *see also Cel-*

4  *Tech Comms. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).  Plaintiff has

5  not alleged a factual basis for a claim that Defendant committed "unfair" business

6  practices.  His repetition of conclusory allegations is insufficient to support his

7  claim.  Plaintiff's claim for violations of the UCL fails.

8      **G.      Plaintiff's Seventh Cause of Action For Accounting Fails**

9          The right to an accounting is not a cause of action, but an equitable remedy.

10  *Batt v. City and County of San Francisco*, 155 Cal. App. 4th 65, 82 (2007) ("[an

11  accounting is] not an independent cause of action but merely a type of remedy")

12  (internal quotations omitted); *Duggall v. G.E. Capital Comm. Servs., Inc.*, 81 Cal.

13  App. 4th 81, 95 (2000) ("The right to an accounting is derivative and depends on the

14  validity of a plaintiff's underlying claims.").  "A request for a legal accounting must

15  be tethered to relevant actionable claims."  *Hafiz v. Greenpoint Mortg. Funding,*

16  *Inc.*, 652 F.Supp.2d 1039, 1043 (N.D.Cal.2009).

17          Plaintiff has not tied his request to any viable claim.  His claim cannot

18  survive.

19          Moreover, Plaintiff must allege for the remedy of accounting that "some

20  balance is due plaintiff."  *Whann v. Doell*, 192 Cal. 680, 684 (1923); *Teselle v.*

21  *McLoughlin*, 173 Cal. App. 4th 156, 179 (2009); *accord Brown v. Bank of Am. N.A.*,

22  2011 U.S. Dist. LEXIS 38991, *23 (E.D. Cal. Mar. 31, 2011) *23-*24 ("[P]laintiff

23  has not alleged that he is due any monies from defendants.  Absent such an

24  allegation, Plaintiffs have no right to an accounting."); 5 Witkin, Cal. Procedure, §

25  819, p. 236 (5th ed. 2008) (An element of accounting is a "balance due from the

26  defendant to the plaintiff that can only be ascertained by an accounting.").

27          Plaintiff does not allege he is owed a balance.  He only alleges that the

28  "amount of money due from Defendants to Plaintiffs is unknown to Plaintiffs and

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS529254.1

13

1   cannot be ascertained without an accounting of the receipts and disbursements. . . ."

2   (Complaint, ¶147.)  Such an allegation does not suffice.

3        Plaintiff's claim fails.

4   **VII.   PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES SHOULD BE**

5   **STRICKEN**

6        A "motion to strike may be used to strike any part of the prayer for relief

7   when the damages sought are not recoverable as a matter of law." *Bureerong v.*

8   *Uvawas*, 922 F. Supp. 1450, 1479, n. 34 (C.D. Cal. 1996) (citing *Tapley v.*

9   *Lockwood Green Eng'rs, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974) (prayer for

10  damages in wrongful death action stricken because they exceeded the maximum

11  permitted by statute)).  When a Complaint contains only a conclusory

12  characterization of a defendant's conduct as oppressive, malicious and fraudulent,

13  such a complaint is patently insufficient to support a claim for punitive damages.

14  *See Smith v. Superior Court*, 10 Cal. App. 4th 1033, 1042 (1992).

15       The Complaint is devoid of any allegations - let alone clear and convincing,

16  substantive, factual allegations - showing that Defendant acted with "malice,

17  oppression or fraud."  The improper request for punitive damages thus should be

18  stricken on this motion.  *See Whittlestone, Inc. v. Handi-Craft Co.*, No. 09-16353,

19  2010 WL 3222417 (9th Cir. Aug. 17, 2010).

20  **VIII.   PLAINTIFF'S REQUEST FOR FEES SHOULD BE STRICKEN**

21       A party cannot recover attorney's fees unless specifically provided by a

22  statute or an agreement between the parties.  Cal. Civ. Proc. Code § 1021.  Plaintiff

23  requests an award of attorney's fees without alleging any contractual or statutory

24  basis for such an award.  Plaintiff's unsupported request for attorney's fees should

25  be stricken.  *See Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th

26  Cir. 1974); *Whittlestone, Inc.*, No. 09-16353, 2010 WL 3222417.

27

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS529254.1

14

**IX.    IF THE COURT GRANTS THE MOTION TO DISMISS, THE LIS PENDENS SHOULD BE EXPUNGED**

This Court should expunge the Notice of Pendency of Action Affecting Real Property ("lis pendens") (RJN, Exhibit 7.) recorded on the Property by Plaintiff "if the court finds that the pleading on which the notice is based does not contain a real property claim." Cal. Code Civ. Proc. § 405.31. A "real property claim" is one that, if meritorious, would affect "title to, or the right to possession of, specific real property." *Id.*, Cal. Code Civ. Proc. § 405.4. When deciding whether the pleading asserts a "real property claim" within the meaning of section 405.31, the burden of proof rests on the plaintiff, but "the court must engage in a demurrer-like analysis." *Kirkeby v. Superior Court*, 33 Cal. 4th 642, 647 (2004).

As discussed above, the conclusory allegations of Plaintiff's Complaint do not meet the standard. Plaintiff's Complaint does not plead any viable claim for relief, let alone a real property claim within the meaning of Section 405.31.

Plaintiff's claims fall short of the federal pleading standard that mandates that "'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007).

The lis pendens should be expunged.

**X.    CONCLUSION**

For the foregoing reasons, Defendant respectfully requests the Court grant the Motion to Dismiss in its entirety and expunge the lis pendens recorded on the Property. The deficiencies cannot be cured. Leave to amend should not be granted.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS529254.1

15

Dated:  January 26, 2012

Stuart W. Price
Sean D. Muntz
Christina G. Rothschild
**BRYAN CAVE LLP**
By: _____
　　Christina G. Rothschild
Attorneys for Defendant
BANK OF AMERICA, N.A.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IR01DOCS529254.1

16

**PROOF OF SERVICE**
CCP 1013A(3) REVISED 5/1/88
GREGORY JOHNSON V. HSBC BANK, ET AL. (CASE NO. 3:11-CV-2091-JM-WVG)

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414. My email address is: amantec@bryancave.com.

On January 26, 2012, I served the following document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION BY DEFENDANT BANK OF AMERICA, N.A. TO
DISMISS PLAINTIFF'S COMPLAINT AND EXPUNGE LIS PENDENS**

on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

Gordon F. Dickson, Esq.            *Attorneys for Plaintiff*
Deborah P. Gutierrez, Esq.         *Gregory Johnson*
Hazel S. Chu, Esq.                 Phone:   (310) 893-6200
Prosper Law Corporation, LLP       Fax:     (310) 988-2930
6100 Center Drive, Suite 1050      E-mail:  deborah@prosperlaw.com
Los Angeles, CA 90045

[☒] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 26, 2012, at Irvine, California.

*Catherine Amante*
Catherine Amante

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

512522.1

PROOF OF SERVICE