Stuart W. Price, California Bar No. 125918
swprice@bryancave.com
Sean D. Muntz, California Bar No. 223549
sean.muntz@bryancave.com
Allen J. Beck, California Bar No. 266696
becka@bryancave.com
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, California  92612-4414
Telephone:   (949) 223-7000
Facsimile:    (949) 223-7100

Attorneys for Defendants
HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR THE
ELLINGTON TRUST SERIES 2007-1; BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JOHNSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR THE ELLINGTON TRUST SERIES 2007-1; BANK OF AMERICA, N.A.; and Does 1 – 10, inclusive,<br><br>Defendants. | Case No. 3:11-cv-02091-JM-WVG<br><br>**ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT**<br><br>Honorable Jeffrey T. Miller<br>Courtroom 16 |

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1    Defendants HSBC Bank USA, National Association As Trustee For The

2  Ellington Trust Series 2007-1 ("HSBC"); and Bank of America, N.A. (collectively

3  "Defendants") answer the Complaint of Plaintiff Gregory Johnson ("Plaintiff") as

4  follows:

5       1.    Defendants deny the allegations of paragraph 1 of the Complaint.

6       2.    Defendants admit the allegations of paragraph 2 of the Complaint.

7       3.    Defendants admit the allegations of paragraph 3 of the Complaint.

8       4.    Defendants admit the allegations of paragraph 4 of the Complaint.

9       5.    Defendants deny the allegations of paragraph 5 of the Complaint.

10       6.    Defendants lack adequate information to admit or deny the allegations

11  contained in the first sentence of paragraph 6, and on that basis deny them.

12  Defendants admit the remaining allegations of paragraph 6 of the Complaint.

13       7.    Defendants admit the allegations of paragraph 7 of the Complaint.

14       8.    Defendants admit the allegations of paragraph 8 of the Complaint.

15       9.    Defendants lack adequate information to admit or deny the allegations

16  of paragraph 9 of the Complaint, and on that basis deny them.

17       10.   No material allegations are contained in paragraph 10 of the Complaint.

18       11.   No material allegations are contained in paragraph 11 of the Complaint.

19       12.   Defendants deny the allegations of paragraph 12.

20       13.   Defendants deny the allegations of paragraph 13 of the Complaint.

21       14.   No material allegations are contained in paragraph 14 of the Complaint.

22       15.   No material allegations are contained in paragraph 15 of the Complaint.

23       16.   No material allegations are contained in paragraph 16 of the Complaint.

24       17.   Defendants deny the allegations of paragraph 17 of the Complaint.

25       18.   Defendants deny the allegations of paragraph 18 of the Complaint.

26       19.   Defendants deny the allegations of paragraph 19 of the Complaint.

27       20.   Defendants deny the allegations of paragraph 20 of the Complaint.

28       21.   Defendants deny the allegations of paragraph 21 of the Complaint.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

22.   Defendants admit the allegations of paragraph 22 of the Complaint that Plaintiff owes money on his mortgage obligation.

23.   Defendants deny the allegations of paragraph 23 of the Complaint.

24.   Defendants admit the allegations of paragraph 24 of the Complaint.

25.   Defendants lack adequate information to admit or deny the allegations of paragraph 25 of the Complaint, and on that basis deny them.

26.   Defendants deny the allegations of paragraph 26 of the Complaint.

27.   Defendants deny the allegations of paragraph 27 of the Complaint.

28.   Defendants deny the allegations of paragraph 28 of the Complaint.

29.   Defendants deny the allegations of paragraph 29 of the Complaint.

30.   The allegations contained in paragraph 30 of the Complaint call for legal conclusions and do not require a response from Defendants.  To the extent that a response is required, Defendants deny the allegations of paragraph 30 of the Complaint.

31.   Defendants deny the allegations of paragraph 31 of the Complaint.

32.   Defendants deny the allegations of paragraph 32 of the Complaint.

33.   No material allegations are contained in paragraph 33 of the Complaint.

**THE ROLE OF MERS IN SECURITIZATION AND ITS EFFECT ON THE CHAIN OF TITLE TO PLAINTIFF'S HOME**

34.   No material allegations are contained in paragraph 34 of the Complaint.

35.   Defendants lack adequate information to admit or deny the allegations of paragraph 35 of the Complaint, and on that basis deny them.

36.   Defendants deny the allegations of paragraph 36 of the Complaint.

37.   The allegations contained in paragraph 37 of the Complaint call for legal conclusions and do not require a response from Defendants.  To the extent that a response is required, Defendants deny the allegations of paragraph 37 of the Complaint.

38.   Defendants deny the allegations of paragraph 38 of the Complaint.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

39.   Defendants deny the allegations of paragraph 39 of the Complaint.

40.   Defendants deny the allegations of paragraph 40 of the Complaint.

41.   Defendants deny the allegations of paragraph 41 of the Complaint.

**THE FABRICATED ASSIGNMENT OF DEED OF TRUST IS A**

**FRAUDULENT LIEN THAT CONVEYED NO INTEREST TO HSBC BANK**

42.   Defendants admit the allegations in sentences one through three of paragraph 42 of the Complaint and deny the remaining allegation of paragraph 42 of the Complaint.

43.   Defendants deny the allegations of paragraph 43 of the Complaint.

44.   Defendants deny the allegations of paragraph 44 of the Complaint.

45.   Defendants deny the allegations of paragraph 45 of the Complaint.

46.   Defendants deny the allegations of paragraph 46 of the Complaint.

47.   Defendants deny the allegations of paragraph 47 of the Complaint.

48.   Defendants deny the allegations of paragraph 48 of the Complaint.

49.   No material allegations are contained in paragraph 49 of the Complaint.

50.   Defendants deny the allegations of paragraph 50 of the Complaint.

51.   Defendants deny the allegations of paragraph 51 of the Complaint.

52.   No material allegations are contained in paragraph 52 of the Complaint.

53.   Defendants deny the allegations of paragraph 53 of the Complaint.

54.   Defendants deny the allegations of paragraph 54 of the Complaint.

55.   Defendants deny the allegations of paragraph 55 of the Complaint.

I.   **THE FABRICATED SUBSTITUTION OF TRUSTEE IS A**

**FRAUDULENT DOCUMENT THAT CONVEYED NO LEGAL**

**AUTHORITY TO QUALITY TO ACT AS THE SUBSTITUTED**

**TRUSTEE**

56.   Defendants admit the allegations of paragraph 56 of the Complaint.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

57.   Defendants admit the allegations in sentences one through three of paragraph 57 of the Complaint and deny the remaining allegation of paragraph 57 of the Complaint.

58.   The allegations contained in paragraph 58 of the Complaint call for legal conclusions and do not require a response from Defendants.  To the extent that a response is required, Defendants lack adequate information to admit or deny the allegations of paragraph 58 of the Complaint, and on that basis deny them.

59.   Defendants deny the allegations of paragraph 59 of the Complaint.

60.   Defendants admit the allegation contained in the first sentence of paragraph 60 of the Complaint and deny the remaining allegation of paragraph 60 of the Complaint.

61.   Defendants deny the allegations of paragraph 61 of the Complaint.

62.   Defendants deny the allegations of paragraph 62 of the Complaint.

63.   Defendants deny the allegations of paragraph 63 of the Complaint.

64.   Defendants deny the allegations of paragraph 64 of the Complaint.

65.   Defendants deny the allegations of paragraph 65 of the Complaint.

## II.   PLAINTIFF'S LOAN MODIFICATION AND DEBT VALIDATION EFFORTS

66.   Defendants lack adequate information to admit or deny the allegations of paragraph 66 of the Complaint, and on that basis deny them.

67.   Defendants admit the allegations in the first sentence of paragraph 67 of the Complaint.  Defendants lack adequate information to admit or deny the remaining allegations of paragraph 67, and on that basis deny them.

68.   Defendants deny the allegations of paragraph 68 of the Complaint.

69.   Defendants lack adequate information to admit or deny the allegations of paragraph 69 of the Complaint, and on that basis deny them.

70.   Defendants deny the allegations of paragraph 70 of the Complaint.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

71.    Defendants lack adequate information to admit or deny the allegations of paragraph 70 of the Complaint, and on that basis deny them.

72.    Defendants deny the allegations of paragraph 72 of the Complaint.

73.    Defendants lack adequate information to admit or deny the allegations of paragraph 73 of the Complaint, and on that basis deny them.

74.    Defendants deny the allegations of paragraph 74 of the Complaint.

75.    Defendants admit the allegations of paragraph 75 of the Complaint.

76.    Defendants deny the allegations of paragraph 76 of the Complaint.

77.    Defendants deny the allegations of paragraph 77 of the Complaint.

78.    Defendants deny the allegations of paragraph 78 of the Complaint.

79.    Defendants admit the allegations of paragraph 79 of the Complaint.

80.    Defendants admit the allegations of paragraph 80 of the Complaint.

81.    Defendants admit the allegations of paragraph 81 of the Complaint.

82.    Defendants lack adequate information to admit or deny the allegations of paragraph 82 of the Complaint, and on that basis deny them.

83.    Defendants admit the allegations of paragraph 83 of the Complaint that Plaintiff sent a Qualified Written Request letter to Bank of America on or about March 7, 2011 and that Bank of America responded to Plaintiff on May 5, 2011. Defendants lack adequate information to admit or deny the remaining allegations of paragraph 83 of the Complaint, and on that basis deny them.

**PLAINTIFF HAS SUFFERED, AND CONTINUES TO SUFFER, SIGNIFICANT MONETARY, LEGAL, AND EQUITABLE DAMAGES**

84.    Defendants deny the allegations of paragraph 84 of the Complaint.

85.    Defendants deny the allegations of paragraph 85 of the Complaint.

86.    Defendants deny the allegations of paragraph 86 of the Complaint.

87.    Defendants deny the allegations of paragraph 87 of the Complaint.

88.    Defendants deny the allegations of paragraph 88 of the Complaint.

89.   Defendants lack adequate information to admit or deny the allegations of paragraph 89 of the Complaint, and on that basis deny them.

90.   Defendants deny the allegations of paragraph 90 of the Complaint.

91.   Defendants deny the allegations of paragraph 91 of the Complaint.

92.   Defendants deny the allegations of paragraph 92 of the Complaint.

93.   Defendants deny the allegations of paragraph 93 of the Complaint.

94.   Defendants deny the allegations of paragraph 94 of the Complaint.

95.   Defendants deny the allegations of paragraph 95 of the Complaint.

96.   Defendants deny the allegations of paragraph 96 of the Complaint.

## FIRST CAUSE OF ACTION – DECLARATORY RELIEF: TO DETERMINE STATUS OF DEFENDANTS' CLAIMS [28 U.S.C. §§ 2201, 2202]

97.   No material allegations are contained in paragraph 97 of the Complaint.

98.   No material allegations are contained in paragraph 98 of the Complaint.

99.   No material allegations are contained in paragraph 99 of the Complaint.

100.  Defendants deny the allegations of paragraph 100 of the Complaint.

101.  Defendants lack adequate information to admit or deny the allegations of paragraph 101 of the Complaint, and on that basis deny them.

102.  Defendants deny the allegations of paragraph 102 of the Complaint.

103.  No material allegations are contained in paragraph 103 of the Complaint.

104.  Defendants deny the allegations of paragraph 104 of the Complaint.

105.  Defendants deny the allegations of paragraph 105 of the Complaint.

106.  Defendants deny the allegations of paragraph 106 of the Complaint.

## SECOND CAUSE OF ACTION - NEGLIGENCE

107.  No material allegations are contained in paragraph 107 of the Complaint.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1   108.  The allegations contained in paragraph 108 of the Complaint call for

2   legal conclusions and do not require a response from Defendants.  To the extent that

3   a response is required, Defendants deny the allegations of paragraph 108 of the

4   Complaint.

5   109.  The allegations contained in paragraph 109 of the Complaint call for

6   legal conclusions and do not require a response from Defendants.  To the extent that

7   a response is required, Defendants deny the allegations of paragraph 109 of the

8   Complaint.

9   110.  Defendants deny the allegations of paragraph 110 of the Complaint.

10   111.  Defendants deny the allegations of paragraph 111 of the Complaint.

11   112.  Defendants deny the allegations of paragraph 112 of the Complaint.

12   **THIRD CAUSE OF ACTION – QUASI CONTRACT**

13   113.  No material allegations are contained in paragraph 113 of the

14   Complaint.

15   114.  Defendants lack adequate information to admit or deny the allegations

16   of paragraph 114 of the Complaint, and on that basis deny them.

17   115.  Defendants deny the allegations of paragraph 115 of the Complaint.

18   116.  Defendants deny the allegations of paragraph 116 of the Complaint.

19   117.  No material allegations are contained in paragraph 117 of the

20   Complaint.

21   **FOURTH CAUSE OF ACTION – VIOLATION OF 12 U.S.C. § 2605**

22   **(RESPA)**

23   118.  No material allegations are contained in paragraph 118 of the

24   Complaint.

25   119.  Defendants admit the allegations of paragraph 119 of the Complaint.

26   120.  Defendants lack adequate information to admit or deny the allegations

27   of paragraph 120 of the Complaint, and on that basis deny them.

28

IR01DOCS544096.5

7

1    121. Defendants lack adequate information to admit or deny the allegations

2    of paragraph 121 of the Complaint, and on that basis deny them.

3    122. Defendants admit the allegations of paragraph 122 of the Complaint.

4    123. Defendants deny the allegations of paragraph 123 of the Complaint.

5    124. Defendants deny the allegations of paragraph 124 of the Complaint.

6    125. Defendants deny the allegations of paragraph 125 of the Complaint.

7    126. Defendants deny the allegations of paragraph 126 of the Complaint.

8    **FIFTH CAUSE OF ACTION – VIOLATION OF 15 U.S.C. § 1692, ET**

9    **SEQ.**

10    127. No material allegations are contained in paragraph 127 of the

11    Complaint.

12    128. No material allegations are contained in paragraph 128 of the

13    Complaint.

14    129. Defendants deny the allegations of paragraph 129 of the Complaint.

15

16    **SIXTH CAUSE OF ACTION – VIOLATION OF BUS. AND PROF.**

17    **CODE SECTION 17200, ET SEQ.**

18    130. No material allegations are contained in paragraph 130 of the

19    Complaint.

20    131. Defendants deny the allegations of paragraph 131 of the Complaint.

21    132. Defendants deny the allegations of paragraph 132 of the Complaint.

22    133. No material allegations are contianed in paragraph 133 of the

23    Complaint.

24    134. Defendants deny the allegations of paragraph 134 of the Complaint.

25    135. Defendants deny the allegations of paragraph 135 of the Complaint

26    136. Defendants deny the allegations of paragraph 136 of the Complaint.

27    137. Defendants deny the allegations of paragraph 137 of the Complaint.

28    138. Defendants deny the allegations of paragraph 138 of the Complaint.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

139. Defendants deny the allegations of paragraph 139 of the Complaint.

140. Defendants deny the allegations of paragraph 140 of the Complaint.

141. Defendants deny the allegations of paragraph 141 of the Complaint.

142. Defendants deny the allegations of paragraph 142 of the Complaint.

143. Defendants deny the allegations of paragraph 143 of the Complaint.

## SEVENTH CAUSE OF ACTION – ACCOUNTING

144. No material allegations are contained in paragraph 144 of the Complaint.

145. Defendants admit the allegations in the first sentence of paragraph 145 of the Complaint. The remaining allegations contained in paragraph 145 of the Complaint call for legal conclusions and do not require a response from Defendants. To the extent that a response is required, Defendants deny the remaining allegations of paragraph 145 of the Complaint.

146. Defendants deny the allegations of paragraph 146 of the Complaint.

147. Defendants deny the allegations of paragraph 147 of the Complaint.

## AFFIRMATIVE DEFENSES

### FAILURE TO STATE A CAUSE OF ACTION

On information and belief, Defendants allege that the Complaint does not state facts sufficient to constitute a cause of action.

### COMPLIANCE WITH APPLICABLE LAWS

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, because Defendants acted in compliance with all applicable laws, statutes, and regulations.

### NO INTENT

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, on the ground that Defendants' conduct towards Plaintiff was effected in good faith, without malice, spite, or conscious, reckless, or negligent disregard of Plaintiff's rights, if any, and without improper purpose or motive,

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

maliciousness, or ill will of any kind.

## PRIVILEGE/JUSTIFICATION

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, because Defendants' actions concerning the matters alleged in the Complaint, if any, were privileged and/or justified.

## NO DUTY

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, because Defendants did not owe Plaintiff a duty.

## NO BREACH

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, because Defendants did not breach their duty to Plaintiff.

## NO PROXIMATE CAUSE

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, because none of the alleged acts or omissions of Defendants were the proximate cause of Plaintiff's purported injuries and damages, if any.

## ACTS OF THIRD PARTIES

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, because if Plaintiff sustained injury or damage, the injury or damage was caused wholly or in part by the conduct, negligent acts or omissions, and/or fault of third parties or entities other than Defendants, which conduct, acts or omissions, or fault was the sole proximate cause or an intervening or superseding cause of any injury or damage to Plaintiff.  Plaintiff's claims and damages sought, if any, against Defendants are barred completely or must be reduced in proportion to the fault attributable to other third parties or entities as are found culpable.

## EXPRESS/IMPLIED ASSUMPTION OF RISK

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, because Plaintiff assumed the risks and dangers, if any, associated with the alleged conditions, conduct or injuries.  At all times relevant to the alleged

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1  conditions, conduct or injuries, Plaintiff had or should have had notice and

2  knowledge of the risks and dangers, if any, associated with such conditions, conduct

3  and injuries because any such risk or danger was open, obvious and apparent to

4  Plaintiff, they appreciated the danger or risk, and he voluntarily assumed any such

5  danger or risk.

6  ### PLAINTIFF'S OWN ACTS OR OMISSIONS

7  On information and belief, Defendants allege that the Complaint is barred, in

8  whole or in part, because any injury, damage or loss allegedly sustained by Plaintiff

9  were proximately and actually caused by and contributed to by the negligence and

10  carelessness on the part of Plaintiff in that Plaintiff failed to exercise ordinary care

11  on their own behalf at the times and in the places set forth in the Complaint.

12  Accordingly, recovery by Plaintiff should be barred or reduced to the extent of such

13  responsibility.

14  ### ADEQUATE LEGAL REMEDIES

15  On information and belief, Defendants allege that to the extent that Plaintiff

16  seek equitable relief against Defendants, Plaintiff has adequate legal remedies for

17  their alleged injuries, if any, resulting from the alleged conduct of Defendants.

18  ### NO DAMAGES

19  On information and belief, Defendants allege that the Complaint is barred, in

20  whole or in part, because Plaintiff has not suffered the injury or damages alleged, or

21  any other injury or damages.

22  ### FAILURE TO MITIGATE DAMAGES

23  On information and belief, Defendants allege that the Complaint is barred, in

24  whole or in part, because Plaintiff failed and refused to mitigate his alleged damages

25  and losses.

26  ### NO BASIS FOR ATTORNEY FEES

27  On information and belief, Defendants allege that Plaintiff is not entitled to

28  recover attorney fees because Plaintiff has not set forth a sufficient factual or legal

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS544096.5                                11

1  basis for the recovery of attorney fees from Defendants.

2  <u>NO RIGHT TO PREJUDGMENT INTEREST</u>

3  On information and belief, Defendants allege that Plaintiff is not entitled to

4  recover prejudgment interest because his alleged damages are not certain or capable

5  of being made certain by any calculation.

6  <u>PENALTIES/PUNITIVE DAMAGES WOULD BE UNCONSTITUTIONAL</u>

7  On information and belief, Defendants allege that Plaintiff is not entitled to

8  recover any punitive damages and/or penalties as prayed for in the Complaint

9  because such an award would violate Defendants' rights under the Constitution of

10  the United States of America and the Constitution of the State of California,

11  including without limitation, Defendants' rights to (1) procedural due process under

12  the Constitution of the State of California and the Fourteenth Amendment of the

13  Constitution of the United States of America; (2) protection from excessive fines as

14  provided in the Eighth Amendment of the Constitution of the United States of

15  America, and Article I, Section 7 of the Constitution of the State of California; and

16  (3) substantive due process provided in the Constitution of the State of California

17  and the Fifth and Fourteenth Amendments of the Constitution of the United States

18  of America.

19  <u>STATUTE OF LIMITATIONS</u>

20  On information and belief, Defendants allege that the Complaint is barred, in

21  whole or in part, by the applicable statutes of limitation, including, but not limited

22  to, the statute of limitations set forth in California Civil Procedure Code § 338.

23  <u>LACHES</u>

24  On information and belief, Defendants allege that the Complaint is barred, in

25  whole or in part, by the doctrine of laches.

26  <u>WAIVER/ESTOPPEL</u>

27  On information and belief, Defendants allege that the Complaint is barred, in

28  whole or in part, by the doctrines of waiver and/or estoppel.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS544096.5

12

BRYAN CAVE LLP<br>3161 MICHELSON DRIVE, SUITE 1500<br>IRVINE, CALIFORNIA 92612-4414

## RATIFICATION/CONSENT

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, by the doctrines of ratification and/or consent because Plaintiff consented to the terms of the transaction of which Plaintiff now complains.  The Complaint is barred, in whole or in part, by the terms of Plaintiff's agreement(s) with Defendants, including but not limited to the note, deed of trust, and other documents signed by and/or agreed to by Plaintiff.

## UNCLEAN HANDS

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## UNJUST ENRICHMENT

On information and belief, Defendants allege that the Complaint is barred, in whole or in part, because any award in this action would constitute unjust enrichment.

/ / /

/ / /

/ / /

IR01DOCS544096.5

13

1 | ///

## **PRAYER**

Defendants pray for Judgment as follows:

1.     That Plaintiff takes nothing by the allegations of the Complaint;

2.     For reasonable attorney fees incurred in the defense of this action;

3.     For costs; and

4.     For such other and further relief as the Court deems just and proper.

Dated: June 7, 2012

**BRYAN CAVE LLP**
Stuart W. Price
Sean D. Muntz
Allen J. Beck

By:       */s/ Allen J. Beck*
          Allen J. Beck
Attorneys for Defendants
HSBC BANK USA, NATIONAL
ASSOCIATION AS TRUSTEE FOR THE
ELLINGTON TRUST SERIES 2007-1;
BANK OF AMERICA, N.A.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS544096.5

14

**CERTIFICATE OF SERVICE**
**CCP 1013A(3) REVISED 5/1/88**
**GREGORY JOHNSON V. HSBC BANK, ET AL. (CASE NO. 3:11-CV-2091-JM-WVG)**

1

2    **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3         I am employed in the County of Orange, State of California.  I am over the age of 18 and
not a party to the within action.  My business address is:  3161 Michelson Drive, Suite 1500,
4    Irvine, CA  92612-4414.

5         On June 7, 2012, I served the following document(s) described as:

6              **ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT**

7    on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in
sealed envelopes addressed as follows:
8

9         Gordon F. Dickson, Esq.              *Attorneys for Plaintiff*
          Deborah P. Gutierrez, Esq.           *Gregory Johnson*
10        Hazel S. Chu, Esq.                   Phone:   (310) 893-6200
          Prosper Law Corporation, LLP         Fax:     (310) 988-2930
11        6100 Center Drive, Suite 1050        E-mail:  deborah@prosperlaw.com
12        Los Angeles, CA 90045

13        [☒] BY CM/ECF NOTICE OF ELECTRONIC FILING:  I caused said document(s) to be
served by means of this Court's electronic transmission of the Notice of Electronic filing through
14   the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users
set forth in the service list obtained from this Court.
15

16        [☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this
Court at whose direction the service was made.
17

18        Executed on June 7, 2012, at Irvine, California.

19

20        _____
          Sherry L. Harper
21

22

23

24

25

26

27

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

512522.1